IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| Plaintiff, ) | **ORDER DENYING DEFENDANT'S** |
| ) | **MOTION TO DISMISS** |
| vs. ) | |
| ) | Case No. 4:07-cr-003 |
| Nathan James Thiefoe, ) | |
| ) | |
| Defendant. ) | |

Before the Court is the Defendant's Motion to Dismiss filed on January 30, 3007. The Government filed a response to the motion on February 7, 2007. For the reasons outlined below, the motion is denied.

I.  **BACKGROUND**

The defendant, Nathan James Thiefoe (Thiefoe), is charged in an indictment with three counts: (1) aggravated sexual abuse in violation of 18 U.S.C. § 2241(a)(1); (2) abusive sexual contact in violation of 18 U.S.C. § 2244(a)(1); and (3) sexual abuse of a minor in violation of 18 U.S.C. § 2243(a). See Docket No. 2. The charges all stem from conduct that occurred in a relatively short period of time on February 3, 2006.

II.  **LEGAL DISCUSSION**

Thiefoe contends that the indictment is multiplicious and should be dismissed. Multiplicity is the charging of a single offense in several counts. United States v. Kazenback, 824 F.2d 649, 651(8th Cir. 1987). "[W]here the same act or transaction constitutes a violation of two distinct

1

statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." United States v. Wilkinson, 124 F.3d 971, 975 (8th Cir. 1997)(citing Blockburger v. United States, 284 U.S. 299, 304 (1932)). The Blockburger test is met "notwithstanding a substantial overlap in the proof offered to establish the crimes." Id.

In United States v. Tail, 459 F.3d 854 (8th Cir. 2006), the Eighth Circuit faced a similar issue when it addressed whether there had been a double jeopardy violation for a defendant's multiple convictions. Tail was convicted of two counts of sexual abuse and two counts of sexual abuse of a minor for each of the two incidents. Id. at 856. The charges involved two victims and two separate incidents. Id. Tail argued that because all four convictions arose out of the same two acts, punishment under both statutes violated his right to be free from double jeopardy. Id. at 861. In concluding that there was no double jeopardy violation, the Eighth Circuit held that "multiple punishments are permitted for separate convictions when each requires an element of proof that the other does not. Id. (citing Blockburger v. United States, 284 U.S. 299, 304 (1932)). The Eighth Circuit had previously rejected Tail's argument that a single course of conduct can lead to only one conviction. Id. (citing United States v. Boykins, 966 F.2d 1240, 1245 (8th Cir. 1992)). The Eighth Circuit also noted that the offense of sexual abuse requires an element that is not shared by the offense of sexual abuse of a minor, and that sexual abuse of a minor has distinct age elements not required for the offense of sexual abuse.

In this case, Thiefoe is charged with three counts. Count One, aggravated sexual abuse, requires a sexual act, that is, "contact between the penis and the vulva, by the use of force." Count Two, abusive sexual contact, requires sexual contact and requires that the contact occur with an

intent to "abuse, humiliate, harass, degrade, or arouse and gratify the sexual desire of any person." The performance of a sexual act required in Count One is not required for abusive sexual contact, and the intent element required for abusive sexual contact is not required for aggravated sexual abuse. Therefore, if the jury were to find that sexual contact occurred with the requisite intent, but that a sexual act (contact between the penis and vulva) did not occur, the law and facts would support a conviction for abusive sexual contact. Finally, Count Three, sexual abuse of a minor, does not require force, an element of Counts One and Two, and does require age requirements that are not elements of Counts One and Two. While there will be some overlap in the proof offered to establish the three offenses, it is clear that each of the charges requires an element of proof that the other does not. The charges allege violations of three separate statutes which contain different elements. The Court finds that the charges are not multiplicious.

### III.  CONCLUSION

For the reasons set forth above, the Defendant's Motion to Dismiss (Docket No. 14) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 12th day of February, 2007.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court